# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No: 2:11 CR 68** |
| | ) | |
| **DAVID ALAN RESNICK** | ) | |

## <u>OPINION AND ORDER</u>

The purpose of this order is to address all motions seeking pretrial rulings *in limine* on evidentiary issues raised by the parties. The court notes that, in order to avoid the difficulties discussed in the concurring and dissenting opinions in *Wilson v. Williams*, 182 F.3d 562 (7th Cir. 1999), these rulings are—unless expressly stated otherwise—conditional. This is particularly appropriate where the parties' arguments for or against the admission of certain evidence rely on their proffers as to how the evidence at trial will develop, and where the court's consideration of the evidence in light of FED. R. EVID. 403 depends in part on the evidence at trial. It is incumbent upon the parties to renew their objections at trial, as appropriate, and, at any time that they believe that any evidence precluded by this order might properly be admitted, to approach the bench to bring that to the court's attention and seek relief from the rulings herein.

*Defendant's motions in limine*

### <u>DE # 64</u>

Taking them in the order in which he filed them, defendant Resnick's first motion in limine requests that his attorneys be allowed to conduct their own individualized voir dire of potential jurors. (DE # 64.) This is as opposed to the undersigned's typical practice,

which is for the bench to ask the jurors questions, including many of those proposed by the parties, along with the court's own questions. In addition, the undersigned has always been liberal in applying FED. R. CRIM. P. 24(a)(2) by asking additional follow-up questions which parties request based on the potential jurors' answers during the juror selection process.

Here, Resnick argues that based on *Batson*[1] and its progeny, "fundamental fairness dictates that defense counsel be given an opportunity to voir dire the venire panel individually" because that is the only way he will be able to "exercise his peremptory challenges intelligently and adequately, and to ensure that they can be supported by a race and gender neutral explanation." (DE # 64 at ¶ 12; ¶ 11.) The problem with this argument, as the government points out in its response, is that it is the statement of a conclusion with no supporting reasoning. Defendant doesn't explain why individualized voir dire is necessary for him to be able to exercise his peremptory challenges intelligently and in compliance with *Batson*; that is, he doesn't explain why the court's thorough questioning of the panel and follow-up questioning of individual prospective jurors will not be an adequate means for him to do so. Neither has he cited a case holding that individualized voir dire questioning conducted by counsel is necessary in light of *Batson* and its progeny.

FEDERAL RULE OF CRIMINAL PROCEDURE 24(a)(1) allows the court to examine the prospective jurors, and the court has great discretion in employing the process used to empanel a jury. *Griffin v. Bell*, 694 F.3d 817, 821 (7th Cir. 2012). Defendant Resnick has not

_____

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

convinced the court that its normal procedures will be insufficient or unfair in the present case; therefore, his motion for attorney-conducted voir dire (DE # 64) will be **DENIED**. This is not a conditional ruling.

<u>DE # 71</u>

Defendant Resnick's second motion in limine seeks to "Bar Publication of Child Pornography Images or Videos To the Jury." (DE # 71.) Relying on FED. R. EVID. 403, Resnick argues that the probative value of all such evidence (images and/or video allegedly recovered from his computer) is substantially outweighed by the danger of unfair prejudice that such evidence will cause. Resnick argues that viable alternatives exist which will avoid or minimize any unfair prejudice. He proposes that the government simply refer to the images and videos as "contraband pornography" (his preference); or as "child pornography;" or by the file names of the various images/videos, which are descriptive of what they contain.

In making this argument, Resnick relies mainly on two cases: *United States v. Curtin*, 489 F.3d 935 (9th Cir. 2007) (en banc), and *Old Chief v. United States*, 519 U.S. 172 (1997). In *Curtin* the Ninth Circuit, according to Resnick, declared in reasoning which is "quite sound" when applied to his case, that: "We accept without need of extensive argument that implications of child molestation, homosexuality, and abuse of women unfairly prejudice a defendant." (DE # 71 at 4.) To begin, the Ninth Circuit made no such declaration. What Resnick provides as a Ninth Circuit quote is actually a quotation from *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993), which—the more important

point—is quoted in a concurring opinion joined by four judges, not in the Ninth Circuit's opinion. *Curtin*, 489 F.3d at 964 (Kleinfeld, J., concurring).

Even putting this not insignificant misrepresentation of authority aside, in *Curtin* the charged offenses were traveling across state lines to engage in a sexual act with a minor in violation of 18 U.S.C. § 2423(b), and use of an interstate communication facility to attempt to persuade a minor to engage in sexual acts, in violation of 18 U.S.C. § 2422(b). *Id.* at 937. Simplifying the facts a little, the government offered, as part of its case-in-chief, evidence it had found on the defendant's personal-digital-assistant device that consisted of five (out of over a hundred) stories about a father engaging in sexual acts with a young daughter, in order to prove the defendant's intent and to rebut an anticipated defense that the defendant had been engaging in role-playing with a person he thought was an adult. *Id.* at 939-40.

In engaging in its analysis of this evidence under RULE 403, the Ninth Circuit reversed and remanded for retrial *not* because it found that the danger of unfair prejudice outweighed the stories' probative value, but because the trial judge had not performed his analysis under RULE 403 properly:[2] he had read only two of the stories, instead of reading all five of the stories admitted. *Id.* at 957-59. In short, *Curtin* does not support the argument Resnick makes because it does not hold that RULE 403 was violated by the court's

---

[2] Properly, that is, under the Ninth Circuit's holding in the case as to how RULE 403 should be applied. The Seventh Circuit has cited *Curtin* favorably and come close to holding that the same method of RULE 403 analysis is required as a matter of law. *United States v. Loughry*, 660 F.3d 965, 971 (7th Cir. 2011) ("The safest course, however, is for the court to review the contested evidence for itself.").

admitting evidence that was unfairly prejudicial, instead it is a ruling only on the proper method of analysis under RULE 403.

The *Old Chief* case, on the other hand, does hold that evidence was admitted in violation of RULE 403 because its potential for unfair prejudice outweighed its probative value. In *Old Chief* the defendant was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). 519 U.S. at 174. Prior to trial he sought an order prohibiting the government from mentioning the name of or offering any of the details of his prior felony conviction—assault causing serious bodily injury—because of the potential for unfair prejudice, instead offering to enter into an evidentiary stipulation that he had a prior felony conviction. *Id*. at 175. The United States refused the stipulation and the court allowed it to prove the prior conviction by putting the order of judgment and conviction into evidence. *Id*. at 177. The Ninth Circuit affirmed, but the Supreme Court reversed. Simply put, for 18 U.S.C. § 922(g)(1) the Court made an exception to the general rule that "the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away." *Id*. at 189. Instead, it created a blanket rule that when the defendant is willing to stipulate to his prior felony conviction, other evidence of the conviction has greater potential for unfair prejudice than probative value, and so RULE 403 requires that the stipulation be used instead. *Id*. at 191-92.

This is the only blanket exception this court is aware of to the general rule that the prosecution can use the evidence it wishes to prove its case, and it does not dictate the result in the present case. Resnick's argument, as the government points out, ignores

substantial Seventh Circuit precedent to the effect that child pornography evidence should not be excluded under RULE 403 because it is graphic, disturbing, disgusting and therefore highly prejudicial, unless it is *unfairly* prejudicial. *See United States v. Chambers*, 642 F.3d 588, 595-96 (7th Cir. 2011). As to *Old Chief* specifically, the Seventh Circuit has acknowledged that the Court limited its holding therein to cases involving proof of felon status.[3] *United States v. Phillippi*, 442 F.3d 1061, 1064 (7th Cir. 2006).

Emphasizing all of the foregoing, in a discussion of whether it would have been a viable appellate issue to argue that a district judge had abused his/her discretion in allowing child pornography to be described (not shown) to the jury when the defendant was willing to stipulate to its content, the Seventh Circuit stated:

> [S]tipulations generally cannot substitute for the government's chosen evidence. In *United States v. Phillippi,* 442 F.3d 1061, 1064 (7th Cir. 2006), we explained that the holding of *Old Chief* is limited to cases where the defendant's status as a felon is at issue. And other circuits have explicitly stated that arguments based on *Old Chief* are not persuasive in the context of child-pornography prosecutions.

*United States v. Hatfield*, 358 Fed. Appx. 692, 696 (7th Cir. 2009) (citations omitted). *Hatfield* clearly implies that the Seventh Circuit agrees with the view of other circuits that arguments similar to the one Resnick makes here based on *Old Chief* are not well-taken.

Even more to the point, Resnick's argument is far less persuasive than those in the out-of-circuit cases cited by the Seventh Circuit in *Hatfield*, such as *United States v. McCourt*, 468 F.3d 1088 (8th Circuit 2006), because—unlike *Old Chief* and those other

---

[3] Although the present case includes a felon-in-possession charge, it has no bearing on the issue being considered here.

cases—Resnick is not offering to stipulate to an element of a charged offense. In *McCourt*, for example, the defendant stipulated that the videos found on his computer constituted child pornography (but claimed that a hacker had put them there), and so argued based on *Old Chief* that clips from the videos should not have been allowed into evidence. *Id.* at 1091. The court rejected that argument based on its prior precedent that the "limited rule" from *Old Chief* "disappears" for stipulations going to any element other than felon status. *Id.* at 1091-92. Although Resnick has entered into a stipulation that images found on his computer in 2011 constituted child pornography, he is not charged in this case with possessing those images (and he is objecting to any mention of the criminal case in which he did plead guilty to possession of those images). This makes his reliance on *Old Chief* even less persuasive.

In short, defendant Resnick's analysis and argument does not establish that the limited examples of child pornography the government wishes to display to the jury during its case-in-chief are so prejudicial that they should be prohibited from doing so pursuant to RULE 403 in a pretrial ruling. Therefore, his motion in limine (DE # 71) will be **DENIED**. This ruling is conditional and is not in itself a determination that the video will be published to the jury, as the court has not, as yet, had the chance for complete and final consideration of RULE 403. In other words, if Resnick makes a RULE 403 objection at trial it might be sustained, but at this point his arguments do not carry the day.

In that light however, and despite the present ruling, the court puts the parties on notice that it is inclined, because of the potential for unfair prejudice, not to allow the

government to display to the jury what is essentially cumulative evidence. The video images the government wishes to display to the jury are not the images Resnick is charged with possessing and transporting in the present case. The relevance of the 2011 pornography, oversimplifying, is to show Resnick's unnatural proclivities such as his interest in having sex with young males; his intent; and to support A.M.'s account that Resnick had child pornography on his computer in 2008. All of that can be done by the fact of Resnick's admissions in the Florida case; by providing to the jury an exhibit listing the highly-descriptive titles of the image files, which the court has reviewed in camera; and, as in *Hatfield*, by having an agent who has viewed the videos describe their content. Nevertheless, the government argues the videos need to be published:

> Besides educating the jury on what child pornography is, the sample of videos the government is seeking to play at trial will be informative to the jury on a range of contested issues including: (a) whether Defendant is sexually attracted to children and specifically male children and, relatedly, whether he views children as companions and friends or sexual partners and objects; (b) what the Defendant's intent was when he volunteered to take A.M. on the two-week cross-country trip; (c) what kind of sexual acts and imagery Defendant is aroused by and may want to participate in with children; (d) whether Defendant knowingly transported child pornography across state lines during his travels with A.M. in 2008; (e) whether A.M.'s testimony that Defendant showed him child pornography on the trip is truthful; (f) that Defendant was not truthful during his initial interview with law enforcement since he denied knowingly possessing child pornography; and (g) whether Defendant's further claim to law enforcement that he does not like "people that molest their kids and abuse kids" was truthful given that Defendant ultimately admitted to knowingly possessing material which depicts adults doing exactly that.

(DE # 93 at 4-5.) All of these purposes can be met through the other evidence the government has available and has indicated that it intends to offer, and it seems that

showing the videos to the jury would add nothing other than a chance to inflame the jurors' emotions. In short, the government has a hill to climb to convince the court the videos should be published to the jury.

DE # 77

Defendant's third motion in limine (DE # 77) seeks to prohibit any testimony from a minor referred to as K.M. and/or from any other individuals who are alleged to have been molested by defendant Resnick, but none of whom are the alleged victim for any charges against Resnick in the indictment. Although Resnick's arguments pertain specifically only to the circumstances surrounding K.M., he states that his arguments would be equally applicable to testimony from the other alleged victims.

In the original (DE # 1) and superseding (DE # 57) indictment, Resnick is charged in count 1 with crossing state lines in July and August, 2008, with the intent to engage in sexual acts with "A.M.," a nine-year-old male child, in violation of 18 U.S.C. § 2241(c). According to Resnick, discovery suggests that A.M. will testify the alleged conduct occurred during the first two weeks of July, while K.M. will testify that the alleged incident between him and Resnick occurred in late August, 2008. Resnick argues that K.M.'s testimony is irrelevant and therefore inadmissible pursuant to FED. R. EVID. 401 and 402. Alternatively, he argues that even if relevant, the risk of unfair prejudice outweighs relevance, and so K.M.'s testimony should be excluded pursuant to FED. R. EVID. 403.

On the issue of relevance, Resnick argues that K.M.'s testimony is not relevant because: 1) the alleged incident (proffered to be one act involving no penetration,

discontinued at K.M.'s request) is not at all similar to that alleged by A.M., which involved repeated abuse including penetration that lasted for two weeks despite A.M.'s protests; 2) there is no significant regularity between the charged alleged conduct involving A.M. and the uncharged alleged conduct involving K.M.; and 3) there is no temporal proximity between the two alleged incidents.

It appears that Resnick is making his argument based on the way analysis under FED. R. EVID. 404(b) proceeds, which requires the court to find, for evidence of an other bad act to be admissible, that it:

> (1) be directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) show that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) be sufficient to support a jury finding that the defendant committed the similar act; and (4) have probative value that is not substantially outweighed by the danger of unfair prejudice.

*United States v. Perkins*, 548 F.3d 510, 513–14 (7th Cir. 2008). Were the court to proceed using RULE 404(b) only, it observes first that Resnick's second and third points merit no discussion. The court fails to see any significant difference between the "regularity" argument in Resnick's second point and the "not similar" argument in his first point. The third point, the argument that there is no temporal proximity, is a non-starter. The alleged events were approximately six weeks apart. That is more than close enough,[4] and so it goes for his first point, that the alleged act involving K.M. is not similar. It is similar

---

[4] *See, e.g.*, *United States v. Julian*, 427 F.3d 471, 487–88 (7th Cir.2005) (defendant's sexual assault of minor twelve years prior to charged offense of conspiring to travel in foreign commerce with intent to engage in illicit sexual conduct supported inference that defendant was a pedophile and was therefore probative of his knowledge and intent vis-à-vis resort for pedophiles he and co-defendant established).

enough to show that he has an interest in sexually abusing young males, and therefore is relevant to the issue of his intent in taking A.M. with him during two weeks of travel across state lines.[5] Thus, the reasons Resnick claims that K.M.'s testimony is not relevant are not persuasive. Relevance under RULE 401 has a low threshold, *United States v. Boros*, 668 F.3d 901, 903 (7th Cir. 2012), and the government easily clears it here.

The court need not proceed under RULE 404(b) only, however. Resnick ignores the fact that the admissibility of the evidence is also governed by Rule 414, which states:

> In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

FED. R. EVID. 414(a). RULE 414(a) is an exception to the general rule against propensity evidence. As the Seventh Circuit has explained: "Rule 414, which applies to cases in which the defendant is accused of 'an offense of child molestation' . . . authorizes the admission of evidence that the defendant has committed other acts of child molestation 'for its bearing on *any* matter to which it is relevant,' including a defendant's propensity to commit the charged offense. *United States v. Russell*, 662 F.3d 831, 846 (7th Cir. 2011) (quoting RULE 414(a) with added emphasis). RULE 414 trumps the restriction in RULE 404(b) by creating a presumption in favor of admitting propensity evidence. *See United States v. Sioux*, 362 F.3d 1241, 1244 (9th Cir. 2004). There is no doubt that the alleged act

---

[5] As the government points out in its response, the evidence is also relevant for other reasons, such as to show Resnick's *modus operandi* and to corroborate A.M.'s version of events. In addition, the government proffers that K.M. will offer evidence that is directly relevant to the felon-in-possession charge in Count 4.

committed against K.M. is relevant because indicative of a propensity to commit the act charged involving A.M.[6] In sum, Resnick's argument that K.M.'s testimony lacks relevance completely fails.

But even if K.M.'s testimony is relevant under the broader standard of RULE 414, the court still must consider whether the probative value of the evidence is outweighed by a danger of unfair prejudice, that is, that the evidence risks the danger of a conviction based on an improper basis like bias or prejudice. "To mitigate that risk, after a Rule 414 analysis, the district court must carefully consider whether prior bad acts evidence should be excluded pursuant to Rule 403."[7] *United States v. Loughry*, 660 F.3d 965, 970 (7th Cir. 2011).

Resnick's argument that the unfair prejudicial impact of K.M.'s testimony outweighs its probative value is based on two erroneous premises: first, that the *Curtin* case establishes that allegations of child molestation pose too great a risk of a conviction based on emotion and bias, and second that K.M.'s testimony serves no purpose but "to prejudice the jury against" him. (DE # 77 at 12.) As explained above, this interpretation of

---

[6] *See United States v. Hawpetoss,* 478 F.3d 820, 824 (7th Cir. 2007) ("Congress enacted these new rules to 'protect[ ] the public from rapists and child molesters.... In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant ... that simply does not exist in ordinary people.' 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 414 App.01(2)(d), at 18–20 (Joseph M. McLaughlin ed., 2d ed.2005) (quoting 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Dole)).).

[7] In the present case the alleged conduct involving K.M. is a subsequent, not prior, bad act. Like RULE 404(b), however, RULE 414 contains no timing requirement, and RULE 404(b) is not restricted to bad acts that occurred before the alleged crime. *United States v. Savage*, 505 F.3d 754, 761 (7th Cir. 2007); *see also Hawpetoss*, 478 F.3d at 824 (RULE 414 does not place "any time limit on the other offenses that may be offered into evidence.").

*Curtin* is simply wrong, as is the assertion that K.M.'s testimony serves no purpose but to cause prejudice. That is based on Resnick's mistaken belief that K.M.'s testimony has no relevance, and in particular on his having ignored its value as propensity evidence under RULE 414. Resnick has simply not done enough at this point to show to the court that the probative value of K.M.'s testimony is so outweighed by the danger of unfair prejudice that the court should order in limine that K.M. will not testify. As a result, his motion in limine will be **DENIED**, although this is not a definitive ruling that K.M. will in fact be allowed to testify.

DE # 78

In his fourth motion in limine Resnick seeks to prohibit any testimony regarding, or reference to, a criminal case from the Southern District of Florida, *United States v. Resnick*, 2:11 CR 14030. In that case Resnick has pleaded, and been adjudged, guilty of the offense of Possession of Matter Containing Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). The court need not do more than briefly summarize Resnick's argument, because it is substantially identical to his argument regarding K.M.'s testimony; that is, Resnick asserts that the Florida case has no relevance because it is not similar to the present case, and if it does have relevance, the potential for unfair prejudice outweighs its probative value.

Resnick states that both the Florida case and the present case involve a gun charge and a charge of possession of child pornography but "this is where the similarities end." (DE # 78 at 5.) He then lists several differences which the court believes are entirely

13

meaningless, for example, that one case arises in Florida, the other in Indiana; and that the Florida case was resolved by a plea agreement while in the present case guilt is being disputed. In short, the cases are more similar, in terms of a relevance analysis, than they are different.

Even if that were not enough, Resnick again fails to appreciate the impact of RULE 414, although in this instance he does address it. He argues that RULE 414 is inapplicable because its terms allows proof of an "other child molestation," but:

> The sexual conduct in the FL SD Case cannot be said to be an "other act" (that is, another act) of child molestation. It cannot even be said to be a prior act of child molestation.
> The alleged sexual conduct that informed Count 1 of the Indictment in the FL SD Case, the same sexual conduct that formed the basis of the Stipulation of as to Factual Basis for a Guilty Plea, is the same alleged sexual conduct that forms the basis of the charges in the above-captioned cause, the IN ND Case. The child that Resnick is alleged to have had sexual contact with in the IN ND Case is A.M.; the child that Resnick is alleged to have had sexual contact with in the FL SD Case is A.M.

(DE # 78 at 6.) He grounds this argument on the factual stipulation he entered as the basis for his guilty plea in the Florida case, which he has attached as exhibit 1 to his motion. (It also appears to be government's proposed trial exhibit 29.) Because of that stipulation, he asserts: "The FL SD Case and the IN ND Case are one and the same when the focus is on the act of child molestation." (DE #78 at 6.)

The court utterly fails to understand or be swayed by this argument. The factual stipulation for the plea in the Florida case makes no mention of sexual contact by Resnick with A.M. or any other child. It simply admits to the seizure of computers from Resnick's residence containing file titles indicative of child pornography (some file names indicating

14

that they had been "previewed"), and to content consistent with the file names which includes "sadomasochistic abuse of teens, pre-teens, toddlers and babies." (*Id.*, ex. 1 at 2-3.) Thus, even if Resnick were correct to shift the focus away from the crime to which he pleaded guilty to the facts supporting that plea, there is no act of sexual contact committed by Resnick on which to focus. The appropriate and only focus is on the crime to which Resnick pleaded guilty: possessing visual depictions of minors engaged in sexually explicit conduct. More importantly, despite Resnick's extraordinary attempt to argue otherwise, for purposes of RULE 414, that is an act of "child molestation." The RULE expressly defines child molestation to include "any conduct prohibited by 18 U.S.C. chapter 110," FED. R. EVID. 414(d)(2)(B), and the statute Resnick pleaded guilty to violating, 18 U.S.C. § 2252, is within chapter 110. Therefore, it is beyond doubt that the Florida case is relevant to the present proceedings as propensity evidence.[8]

As for unfair prejudice, Resnick maintains that admission of evidence concerning the Florida case will be unduly prejudicial because it focuses on sexual contact with the same alleged victim, A.M. (DE # 78 at 9.) As explained immediately above, there is no factual basis (of which the court is presently aware) for this assertion. Other than that, Resnick makes the same arguments based on *Curtin* and *Old Chief* as he did in support of his request to prohibit publication of any child pornography images or videos to the jury,

_____

[8] As the government points out in its response, it is also relevant for other purposes, since it makes it more probable that Resnick also had child pornography on his computer in 2008 during the charged offense, particularly where A.M. will apparently testify that the laptop computer seized in 2011 is the same one Resnick used to show him child pornography.

and for the reasons explained in considering that motion, his arguments are off-track and not persuasive.[9] In conclusion, Resnick has not persuaded the court that a pretrial order in limine should issue barring any reference to the Florida case, and his motion will be **DENIED**.

<u>DE #84</u>

Earlier in this case Resnick attempted to plead guilty and Magistrate Judge Rodovich conducted a plea hearing. (DE # 26.) Resnick made statements under oath at that hearing. He now moves for an order in limine barring the government, through its attorneys or witnesses, from offering any of those statements as evidence or making any reference to them. The government has responded and agrees that it would be improper to do so, stating that it is aware of no viable theory available at present that would allow the evidence, and that it has no intention to offer it. (DE # 92.) The government requests that the court deny the motion as moot. The court will do so, however, the court **CAUTIONS** the government to conduct itself as if an order in limine exists, and to instruct its witnesses to make no reference whatsoever to the prior plea proceeding or statements made by Resnick during that proceeding.

---

[9] Resnick has made an additional argument concerning causality in his response to the government's motion seeking an order in limine admitting the evidence. That argument will be discussed in connection with the government's motion, below.

<u>DE # 80</u>

The government seeks an order prohibiting the defense from offering or making any mention of evidence of any sexual conduct involving A.M. and/or K.M. (other than incidents which involve Resnick) pursuant to FED. R. EVID. 412 and/or 403.

As relevant here, RULE 412 provides:

(a) Prohibited Uses. The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:

> (1) evidence offered to prove that a victim engaged in other sexual behavior; or

> (2) evidence offered to prove a victim's sexual predisposition.

(b) Exceptions.

> (1) Criminal Cases. The court may admit the following evidence in a criminal case:

>> (c) evidence whose exclusion would violate the defendant's constitutional rights.

>> . . . .

(c) Procedure to Determine Admissibility.

> (1) Motion. If a party intends to offer evidence under Rule 412(b), the party **must**:

>> (A) **file a motion** that specifically describes the evidence and states the purpose for which it is to be offered;

>> (B) do so at least 14 days before trial unless the court, **for good cause**, sets a different time.

FED. R. EVID. 412 (emphasis added). In response to the government's motion—a response which Resnick filed on July 24, 2013, pursuant to this court's order giving him a deadline for any response to the government's motions in limine—he asserts for the first time that

he intends to offer evidence to which RULE 412 doesn't apply, or which falls within the exception in subsection (b)(1)(c).

The evidence Resnick wants to offer is that A.M. and K.M. were found engaged in mutual masturbation of each other, and that this event led to the "outcry" which ultimately caused him to be the subject of two federal criminal prosecutions. He asserts that it is important for the jury to understand why he was indicted, and that since the evidence is being offered for that reason, it is not being used to prove the victims' (including K.M.) other sexual behavior or predisposition, meaning the RULE does not apply.

The court is not persuaded by either point. Resnick has not explained why the event that ultimately caused him to be charged is relevant and important for the jury to understand, and no reason is self-evident. Even if there is some relevance, he has nevertheless not explained why this is not an attempt to prove "other sexual behavior" within subsection (a)(1).

Resnick also argues that the exception in subsection (b)(1)(c) applies, because he has a constitutional right to probe the credibility of his accusers before the jury. Again, he does not explain exactly how the event in question impacts their credibility. Even if he had, and even if it does, however, he has not explained why he has never filed a motion seeking to admit the evidence as is required by subsection (c)(1)(A), only a "notice" five days before trial, and then only at the court's insistence that he respond to all pending government motions in limine.

The only justification that Resnick offers for failing to meet RULE 414's procedural requirements is that he should be excused from the "notice" requirement because the government didn't file its motions in limine more than 14 days prior to trial.[10] What Resnick neglects to mention, however, is that the government did file all of its motions by the date of the final pretrial conference, July 17, 2013. More importantly, he neglects to mention that July 17 was an extension of the deadline granted for filing pretrial motions, which extension was granted at his request. (DE # 69; DE # 70.) He offers no explanation why he did not file a RULE 414(c)(1)(A) motion by the extended deadline he requested for filing pretrial motions. Under all of these circumstances, Resnick has not shown good cause to allow him to seek to admit the evidence at this late date, and he will not be allowed to do so. *Cf. United States v. Boyles*, 57 F.3d 535, 548 (7th Cir. 1995). The government's motion in limine will be **GRANTED**.

DE # 81

This filing is the government's notice pursuant to Fed. R. Evid. 404(b) and 414(b) of intent to offer at trial evidence of Resnick's alleged abuse of K.M., and of his 2011 possession of child pornography; in addition, the government "moves for admission of this Other Acts evidence at trial." (DE # 81 at 1). When, as the government has done here, a party files a pretrial motion in limine which requests admission of evidence at trial, the

---

[10] If Resnick means to say that the government's RULE 414(b) notice on July 17, 2013, was untimely, he doesn't. Besides that, it appears that the government did give Resnick timely 414(b) notice, since he filed his motions in limine against the evidence on July 16, 2013, the day before the government filed its formal notice of record.

19

party is essentially seeking a definitive ruling that certain evidence will be admitted. In the undersigned's view, such rulings are often ill-advised and premature, since the evidence at trial could differ from what is expected. Thus, to reiterate what was said earlier, the following should be understood as a preliminary ruling only.

The court believes the relevance of both of these areas of evidence—in particular under FED. R. EVID. 414—has been adequately explained above. The only thing the court need add is to address an argument made by Resnick in his response to the government's motion. He asserts, multiple times, that this evidence is not relevant because the prosecution is making a causal connection which does not exist. His argument can be aptly summarized by a paragraph from his response:

> Once again, the Government relies on a false causal connection to prove up a point that it is unable to prove up in any other manner. Just because an individual possesses contraband pornography does not make that individual more likely to sexually abuse children him or herself; just because an individual has an interest in sexually abusing children does not necessarily mean that the same individual has an interest in looking at contraband pornography. It is the Defense's contention that there is no scientific or behavioral research to support that claim, and that the false causality between the two here is not persuasive.

(DE # 98 at 11.)[11] Whether or not Resnick's contention about scientific and behavioral research is correct, Congress believes otherwise, as noted above. *See supra*, p. 12 n. 6. It is not this court's role to second-guess or ignore Congress's judgment on the matter.

---

[11] Resnick make a similar causality argument as to K.M.: "This is a false causal connection, and is not persuasive. Alleged abuse of K.M. does not make the alleged abuse of A.M. more likely." (DE # 98 at 8.)

Although RULE 414 does not mandate admission of evidence (it expressly states that the court "may admit" evidence of other acts of molestation), once the court determines that the other act is relevant to an issue in the case—including the defendant's propensity—the issue largely becomes one of prejudice v. probative value under RULE 403.

When making a ruling under RULE 403, it is not enough for the court to state a "bare-bones" conclusion that probative value is not outweighed by unfair prejudice, it must state reasons to explain that conclusion. *United States v. Ciesiolka*, 614 F.3d 347, 357 (7th Cir. 2010). As to the proposed testimony of K.M., keeping in mind that all child abuse and molestation is extremely disturbing, but speaking in relative terms, the alleged incident that K.M. will testify about is mild in comparison to A.M.'s expected testimony concerning the charge at issue. For that reason, the court does not believe that K.M.'s testimony will cause *unfair* prejudice, that is, a risk that Resnick might be convicted because K.M.'s testimony so appalls and disgusts the jurors' that they convict Resnick because of that disgust. As the Seventh Circuit has stated: "Our cases addressing the admission of molestation evidence have recognized the substantial prejudice that it necessarily poses to any defendant; yet, we have regularly sustained the admission of such evidence when probative of a defendant's motive, intent, or other pertinent (and admissible) factor." *United States v. Roux*, 715 F.3d 1019, 1026 (7th Cir. 2013); *see also United States v. Rogers*, 587 F.3d 816, 821 (7th Cir. 2009).

Resnick argues that there are less prejudicial alternatives than K.M.'s testimony, but that argument boils down to asserting that A.M.'s testimony alone is enough. That

argument is not persuasive. Among other reasons for relevance (for example, Resnick's *modus operandi*; that K.M. saw Resnick with a firearm), RULE 414 makes Resnick's propensity relevant, and K.M.'s testimony is a highly relevant and not unfairly prejudicial way to show that propensity. What this means is, the court's preliminary view is that K.M. will be allowed to testify at trial. Nevertheless, for purposes of a ruling on the government's "request for admission," the court will say the issue remains under advisement until trial.

Everything just said applies equally to the issue whether it is unfairly prejudicial to allow the jury to learn that Resnick possessed child pornography in 2011. In response to the government's motion, Resnick asserts that it would be unfairly prejudicial, without explaining why. He states: "All of this information is incredibly prejudicial, since the jury, upon learning that Resnick pled guilty to possession of child pornography in Florida, would likely have difficulty not using that knowledge in its deliberation." (DE # 98 at 19). Of course the jury will use that knowledge in its deliberations, but that does not mean it will convict him merely because the jurors think him a bad person who has been convicted of another crime, rather than using his admission of possessing child pornography for proper evidentiary purposes.

In addition, Resnick's RULE 403 objection now is an about-face from the position he took only a week ago in his motion in limine objecting to the publication of child pornography images to the jury. In that motion he stated:

> It is the Defense's contention that, to the average person that will serve on the panel, child pornography is so vile, shocking, and possibly traumatic that the average juror cannot help but be unfairly and unduly prejudiced by such pornography against Resnick, in such a way that the unfair prejudice would **<u>substantially outweigh</u>** any probative value the images or videos may have. *But that is only if the Government is allowed to publish those images or videos to the jury.*

(DE # 71 at 7-8) (italics added, bold underline in original). The court thinks Resnick had it right the first time: it could be unfairly prejudicial to display the pornographic images to the jury, but merely imparting knowledge of the videos to the jury would not be. As the Seventh Circuit has noted many times, all evidence is prejudicial or it wouldn't be relevant; the issue is whether it is unfairly prejudicial. *United States v. Neely*, 980 F.2d 1074, 1086 (7th Cir. 1992).

In the present case Resnick is charged in count 2 with transporting child pornography across state lines, and A.M. will presumably during his testimony describe that pornography. Because A.M.'s testimony will inform the jury that Resnick allegedly possessed child pornography, the inherently prejudicial nature of that material will be present in the case. Learning that Resnick possessed child pornography at another time will not cause the jury to convict for improper reasons such as outrage or disgust. As a result, the court's preliminary view is that the government will be allowed to admit evidence of Resnick's 2011 possession of child pornography. For now, however, that admission remains under advisement until trial.

**CONCLUSION**

For the foregoing reasons, defendant Resnick's motions in limine (DE # 64; DE # 71; DE # 77; DE # 78; DE # 84) are **DENIED**. The government's motion in limine concerning past sexual conduct (DE # 80) is **GRANTED**; its motion concerning other bad acts (DE # 81) is **TAKEN UNDER ADVISEMENT** for final decision at trial.


**SO ORDERED.**


Date: July 26, 2013


s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT